THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SYMBOLOGY INNOVATIONS, LLC,** <br><br> **Plaintiff,** <br><br> v. <br><br> **BOUNCE ENERGY, INC., ET AL,** <br><br> **Defendant.** | Civil Action No. 2:17-cv-00784-JRG-RSP <br><br> **CONSOLIDATE LEAD CASE** <br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff Symbology Innovations, LLC ("Plaintiff" or "Symbology Innovations") files this complaint against Defendant Cooper Bussmann, LLC ("Defendant" or "CB") for infringement of U.S. Patent Nos. 7,992,773 (the "`773 Patent", attached as Exhibit A) and 8,424,752 (the "`752 Patent", attached as Exhibit B, 8,651,369 (the "`369 Patent", attached as Exhibit C) and 8,936,190 (the "`190 Patent", attached as Exhibit D) (collectively, the "Asserted Patents") and alleges as follows:

1. This is an action for a permanent injunction, damages, attorney's fees, costs, and for further relief based on patent infringement under 35 U.S.C. § 271.

## PARTIES

2. Plaintiff Symbology Innovations is a Texas limited liability company with an office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

3. On information and belief, Defendant EATON is a Delaware corporation with its an office located at Mail Stop 2N Cleveland, OH.  On information and belief, EATON also has a place of business in this District where it conducts business.  Defendant has been served with process and has made an appearance herein.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking injunctive relief as well as damages, attorney fees and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

6. The exercise of personal jurisdiction in Texas is proper because acts giving rise to Plaintiff's cause of action have occurred in Texas. More specifically, Defendant committed, and continues to commit, acts of infringement in Texas, has conducted business in the Texas, and/or has engaged in continuous and systematic activities in Texas and has a place business in this District.

7. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in Texas.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Defendant is deemed to reside in this District and has a place business in this District.

## BACKGROUND

### `773 Patent

9. On August 9, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued the `773 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device" after the USPTO completed a full and fair examination.

10. Symbology Innovations is currently the owner of the `773 Patent, having received all right, title and interest in, and to, the `773 Patent from the previous assignee of record.

11. Symbology Innovations possesses all rights of recovery under the `773 Patent, including the exclusive right to recover for past, present and future infringement.

12. The `773 Patent contains eighteen claims including three independent claims (claims 1, 12, and 15) and fifteen dependent claims.

13. The method claim of claim 1 of the `773 Patent comprises detecting symbology associated with an object, decoding the symbology to obtain a decode string, sending the decode string to at least one visual detection application residing on a portable electronic device, receiving a first amount of information about the object, sending the decode string to a remote server, receiving a second amount of information about the object, combining the first and second amounts of information to obtain cumulative information, and displaying the cumulative information on a display device that is associated with the portable electronic device.

*`752 Patent*

14. On April 23, 2013, the USPTO duly and legally issued the `752 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device" after the USPTO completed a full and fair examination.

15. Symbology Innovations is currently the owner of the `752 Patent, having received all right, title and interest in, and to, the `752 Patent from the previous assignee of record.

16. Symbology Innovations possesses all rights of recovery under the `752 Patent, including the exclusive right to recover for past, present and future infringement.

17. The `752 Patent contains twenty-eight claims including three independent claims (claims 1, 17, and 24) and twenty-five dependent claims.

18. The method claim of claim 1 of the `752 Patent comprises capturing a digital image, detecting symbology associated with an object within the digital image, decoding the symbology to obtain a decode string, sending the decode string to a remote server, receiving information about the object based on the decode string, and displaying the information on a display device that is associated with the portable electronic device.

### `369 Patent

19. On February 18, 2014, the USPTO duly and legally issued the `369 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Device" after the USPTO completed a full and fair examination.

20. Symbology Innovations is currently the owner of the `369 Patent, having received all right, title and interest in, and to, the `369 Patent from the previous assignee of record.

21. Symbology Innovations possesses all rights of recovery under the `369 Patent, including the exclusive right to recover for past, present and future infringement.

22. The `369 Patent contains twenty-eight claims including three independent claims (claims 1, 17, and 24) and twenty-five dependent claims.

23. The method claim of claim 1 of the `369 Patent comprises capturing a digital image, detecting symbology associated with the digital image using a portable electronic device, decoding the symbology to obtain a decode string, sending the decode string to a remote server, receiving information about the digital image based on the decode string, and displaying the information on a display device that is associated with the portable electronic device.

### `190 Patent

24. On January 20, 2015, the USPTO duly and legally issued the `190 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device" after the USPTO completed a full and fair examination.

25. Symbology Innovations is currently the owner of the `190 Patent, having received all right, title and interest in, and to, the `190 Patent from the previous assignee of record.

26. Symbology Innovations possesses all rights of recovery under the `190 Patent, including the exclusive right to recover for past, present and future infringement.

27. The `190 Patent contains twenty claims including three independent claims (claims 1, 17, and 20) and seventeen dependent claims.

28. The method of claim 1 of the `190 Patent comprises capturing a digital image, detecting symbology associated with the digital image using an electronic device, decoding the symbology to obtain a decode string, sending the decode string to a remote server, receiving information about the digital image based on the decode string, and displaying the information on a display device that is associated with the electronic device.

## COUNT ONE
## (Infringement of United States Patent No. 7,992,773)

29. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 28, the same as if set forth herein.

30. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

31. Defendant has knowledge of its infringement of the `773 Patent, at least as of the service of the present complaint.

32. The asserted inventions claimed in '773 patent pertain to unconventional activity whereby the visual detection systems are configured to run in the background with respect to other systems associated with the electronic device that is used.  This simplified interactive means of operation simplifies the process and simplifies the operation of the electronic device itself.

33. On information and belief, Defendant has infringed and continues to infringe one or more claims of the `773 Patent, including (at least) Claims 1, 2, 3, 4, 6, 7, 8, 10, 11, 15, 17, and 18 by using and/or incorporating Quick Response Codes ("QR codes") in media (*e.g.* advertisements) associated with selected products (*e.g.* calculators) in a manner covered by

one or more claims of the `773 Patent. Plaintiff reserves the right to amend the asserted claims for the `773 Patent during discovery.

34. Accordingly, Defendant has infringed, and continues to infringe, the `773 Patent in violation of 35 U.S.C. § 271.

35. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in advertisements.

36. One specific example of Defendant's activity involves the use of QR codes in Internet advertisements of Defendant's calculators.

37. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with the Internet advertising of its calculators.

38. On information and belief, Defendant has captured a digital image of a QR code associated with its calculators, an example of which is shown below and may be viewed at:

http://www.cooperindustries.com/content/public/en/bussmann/electrical/resources/fc2.html



39. On information and belief, Defendant allows consumers to scan QR codes.

40. A comparison between Claim 1 of the `773 Patent and Defendant's download QR code usage is provided in Exhibit E and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief. Plaintiff reserves the right to amend this claim chart based on any additional information obtained.  Similar comparisons have been made between the other asserted claims of the `773 Patent and Defendant's QR process.

41. The `773 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

42. By engaging in the conduct described herein, Defendant has injured Symbology Innovations and is thus liable for infringement of the `773 Patent, pursuant to 35 U.S.C. § 271.

43. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `773 Patent, without license or authorization.

44. Defendant's actions complained of herein with respect to the of the `773 Patent will continue unless Defendant is enjoined by this Court.

45. As a result of Defendant's infringement of the `773 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

46. Symbology Innovations will continue to suffer damages in the future unless Defendant's infringing activities related to the of the `773 Patent are enjoined by this Court.

47. Plaintiff is in compliance with 35 U.S.C. § 287.

48. As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement of the `773 Patent up until the date that Defendant is finally and permanently enjoined from further infringement.

## COUNT TWO
## (Infringement of United States Patent No. 8,424,752)

49. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 48, the same as if set forth herein.

50. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

51. The asserted inventions claimed in '752 patent pertain to unconventional activity whereby the visual detection systems are configured to run in the background with respect to other systems associated with the electronic device that is used.  This simplified interactive means of operation simplifies the process and simplifies the operation of the electronic device itself.

52. Defendant has knowledge of its infringement of the `752 Patent, at least as of the service of the present complaint.

53. On information and belief, Defendant has infringed and continues to infringe one or more claims of the `752 Patent, including (at least) Claims 4 and 25 by using and/or incorporating Quick Response Codes ("QR codes") in media (e.g. advertisements) associated with selected products (e.g. calculators) in a manner covered by one or more claims of the `752 Patent. Plaintiff reserves the right to amend the asserted claims for the `752 Patent during discovery.

54. Accordingly, Defendant has infringed, and continues to infringe, the `752 Patent in violation of 35 U.S.C. § 271.

55. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in advertisements.

56. One specific example of Defendant's activity involves the use of QR codes in Internet advertisements of Defendant's calculators.

57. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with the Internet advertising of its calculators.

58. On information and belief, Defendant has captured a digital image of a QR code associated with its calculators, an example of which is shown below and may be viewed at:

    http://www.cooperindustries.com/content/public/en/bussmann/electrical/resources/fc2.html



59. On information and belief, Defendant allows consumers to scan QR codes to download Defendant's products such as its calculators.

60. A comparison between Claim 1 of the `752 Patent and Defendant's download QR code usage is provided in Exhibit F and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief.

Plaintiff reserves the right to amend this claim chart based on any additional information obtained. Similar comparisons have been made between the other asserted claims of the `752 Patent and Defendant's download QR code usage

61. The `752 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

62. By engaging in the conduct described herein, Defendant has injured Symbology Innovations and is thus liable for infringement of the `752 Patent, pursuant to 35 U.S.C. § 271.

63. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `752 Patent, without license or authorization.

64. Defendant's actions complained of herein with respect to the `752 Patent will continue unless Defendant is enjoined by this Court.

65. As a result of Defendant's infringement of the `752 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

66. Symbology Innovations will continue to suffer damages in the future unless Defendant's infringing activities of the `752 Patent are enjoined by this Court.

67. Plaintiff is in compliance with 35 U.S.C. § 287.

68. As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement of the `752 Patent.

## COUNT THREE
### (Infringement of United States Patent No. 8,936,369)

69. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 68, the same as if set forth herein.

70. The asserted inventions claimed in '369 patent pertain to unconventional activity whereby the visual detection systems are configured to run in the background with respect to other systems associated with the electronic device that is used. This simplified interactive means of operation simplifies the process and simplifies the operation of the electronic device itself.

71. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

72. Defendant has knowledge of its infringement of the `369 Patent, at least as of the service of the present complaint.

73. On information and belief, Defendant has infringed and continues to infringe one or more claims of the `369 Patent, including (at least) Claims 4 and 25 by using and/or incorporating Quick Response Codes ("QR codes") in media (e.g. advertisements) associated with selected products (e.g. calculators) in a manner covered by one or more claims of the `369 Patent. Plaintiff reserves the right to amend the asserted claims for the `369 Patent during discovery.

74. Accordingly, Defendant has infringed, and continues to infringe, the `369 Patent in violation of 35 U.S.C. § 271.

75. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in advertisements.

76. One specific example of Defendant's activity involves the use of QR codes in Internet advertisements of Defendant's calculators.

77. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with the Internet advertising of its calculators.

78. On information and belief, Defendant has captured a digital image of a QR code associated with its calculators, an example of which is shown below and may be viewed at:

79. http://www.cooperindustries.com/content/public/en/bussmann/electrical/resources/fc2.html



80. On information and belief, Defendant allows consumers to scan QR codes

81. A comparison between Claim 1 of the `369 Patent and Defendant's download QR code usage is provided in Exhibit G and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief. Plaintiff reserves the right to amend this claim chart based on any additional information obtained.  Similar comparisons have been made between the other asserted claims of the `369 Patent and Defendant's download QR code usage process.

82. The `369 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

83. By engaging in the conduct described herein, Defendant has injured Symbology Innovations and is thus liable for infringement of the `369 Patent, pursuant to 35 U.S.C. § 271.

84. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `369 Patent, without license or authorization.

85. Defendant's actions complained of herein with respect to the `369 Patent will continue unless Defendant is enjoined by this Court.

86. As a result of Defendant's infringement of the `369 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

87. Symbology Innovations will continue to suffer damages in the future unless Defendant's infringing activities of the `369 Patent are enjoined by this Court.

88. Plaintiff is in compliance with 35 U.S.C. § 287.

89. As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement of the `369 Patent.

### COUNT FOUR
### (Infringement of United States Patent No. 8,936,190)

90. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 89, the same as if set forth herein.

91. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

92. Defendant has knowledge of its infringement of the `190 Patent, at least as of the service of the present complaint.

93. The asserted inventions claimed in '190 patent pertain to unconventional activity whereby the visual detection systems are configured to run in the background with respect to other systems associated with the electronic device that is used.  This simplified interactive means of operation simplifies the process and simplifies the operation of the electronic device itself.

94. On information and belief, Defendant has infringed and continues to infringe one or more claims of the `190 Patent, including (at least) Claim 4 by using and/or incorporating Quick Response Codes ("QR codes") in media (e.g. advertisements) associated with selected products (e.g. calculators) in a manner covered by one or more claims of the `190 Patent.  Plaintiff reserves the right to amend the asserted claims for the `190 Patent during discovery.

95. Accordingly, Defendant has infringed, and continues to infringe, the `190 Patent in violation of 35 U.S.C. § 271.

96. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in advertisements.

97. One specific example of Defendant's activity involves the use of QR codes in Internet advertisements of Defendant's calculators.

98. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with the Internet advertising of its calculators.

99. On information and belief, Defendant has captured a digital image of a QR code associated with its calulators, an example of which is shown below and may be viewed at:

100. http://www.cooperindustries.com/content/public/en/bussmann/electrical/resources/fc2.html



101. On information and belief, Defendant allows consumers to scan QR codes

102. A comparison between Claim 1 of the `190 Patent and Defendant's download QR code usage is provided in Exhibit H and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief. Plaintiff reserves the right to amend this claim chart based on any additional information obtained. Similar comparisons have been made between the other asserted claims of the `190 Patent and Defendant's download QR code usage process.

103. The `190 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

104. By engaging in the conduct described herein, Defendant has injured Symbology Innovations and is thus liable for infringement of the `190 Patent, pursuant to 35 U.S.C. § 271.

105. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `190 Patent, without license or authorization.

106. Defendant's actions complained of herein with respect to the `190 Patent will continue unless Defendant is enjoined by this Court.

107. As a result of Defendant's infringement of the `190 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

108. Symbology Innovations will continue to suffer damages in the future unless Defendant's infringing activities of the `190 Patent are enjoined by this Court.

109. Plaintiff is in compliance with 35 U.S.C. § 287.

110. As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement of the `190 Patent.

## DEMAND FOR JURY TRIAL

111. Symbology Innovations, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Symbology Innovations respectfully requests that this Court provide it the following relief:

    A.    ENTER judgment for Symbology Innovations on this Complaint on all causes of action asserted herein;

    B.    ENTER judgment for Plaintiff that Defendants' infringement is willful;

C. ENTER an Order permanently enjoining Defendant, its agents, officers, employees, representatives, attorneys, successors, and assigns and all persons acting in privity or in concert or in participation with Defendant from further infringement of U.S. Patent No. 7,992,773;

D. ENTER an Order permanently enjoining Defendant, its agents, officers, employees, representatives, attorneys, successors, and assigns and all persons acting in privity or in concert or in participation with Defendant from further infringement of U.S. Patent No. 8,424,752;

E. ENTER an Order permanently enjoining Defendant, its agents, officers, employees, representatives, attorneys, successors, and assigns and all persons acting in privity or in concert or in participation with Defendant from further infringement of U.S. Patent No. 8,651,369;

F. ENTER an Order permanently enjoining Defendant, its agents, officers, employees, representatives, attorneys, successors, and assigns and all persons acting in privity or in concert or in participation with Defendant from further infringement of U.S. Patent No. 8,936,190;

G. AWARD Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

H. AWARD Plaintiff pre-judgement and post-judgment interests and costs; and

I. AWARD Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated:  April 9, 2018

Respectfully submitted,

*/s/ Thomas C. Wright*
Thomas C. Wright, Ph.D.
State Bar No. 24028146
Alex J. Whitman
State Bar No. 24081210
Cunningham Swaim, LLP
7557 Rambler Road, Suite 400
Dallas, TX 75231
Telephone: (214) 646-1495
twright@cunninghamswaim.com
awhitman@cunninghamswaim.com

ATTORNEYS FOR SYMBOLOGY
INNOVATIONS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being notified of the filing of this document via the Court's CM/ECF system per Local Rule CV- 5(a)(3) on this 9th day of April, 2018.

*/s/ Thomas C. Wright*
Thomas C. Wright